# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHERIN R.,

 Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

 Defendant.

Case No. 19-CV-4037-JAR

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff's application for disability and disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) failing to adequately evaluate medical opinion evidence and incorporate that evidence into Plaintiff's residual functioning capacity ("RFC"), (2) posing an inadequate hypothetical based on an improper RFC to the vocational expert ("VE"), and (3) determining that Plaintiff was less than credible. Because the Court concludes that Defendant Commissioner's findings are supported by substantial evidence, the Court affirms Defendant's decision.

### I. Procedural History

On September 21, 2015, Plaintiff protectively applied for a period of disability, disability insurance benefits, and supplemental social security income benefits. In both applications, she alleged a disability onset date of October 20, 2014. Plaintiff's applications were denied initially and upon reconsideration. She then asked for a hearing before an ALJ.

After a hearing on January 24, 2018, the ALJ issued a written decision on April 30, 2018, finding that Plaintiff was not disabled. Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. Plaintiff's request for review was denied on March 18, 2019. Accordingly, the ALJ's April 2018 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. She seeks reversal of the ALJ's decision and the grant of those benefits. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[1] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[3]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[4] An individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

[4] 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(a).

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.[5]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe, or combination of severe, impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8] If the impairment does not meet or equal one of these designated impairments, the Commissioner must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[10] The claimant bears the burden in steps one through four to prove a

---

[5]*Id*. § 423(d)(2)(A).

[6]*Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7]*Barkley v. Astrue*, Case No. 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[8]*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[9]*Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10]*Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

disability that prevents performance of his past relevant work.[11]  The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date.  He determined at step two that Plaintiff had the following severe impairments: fibromyalgia, hyperplasia, asthma, depression, anxiety, and obesity.  At step three, the ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  Continuing, he determined that Plaintiff had the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).  She can lift ten pounds occasionally and ten pounds [sic] frequently; can walk or stand for two hours out of an eight-hour day; can sit for six hours out of an eight-hour day; can occasionally climb stairs, but never climb robes, scaffolds, or ladders; can occasionally balance, stoop, crouch, kneel, and crawl; must avoid prolonged exposure to cold temperature extremes, chemicals, dust, fumes, and noxious odors; must avoid unprotected heights and hazardous moving machinery; is limited to simple, routine, repetitive tasks with occasional interaction with co-workers, but no interaction with the general public; and retains the ability to adapt to changes in the work place on a basic level and [] accept supervision on a basic level.[13]

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work.  After considering Plaintiff's age, education, work experience, and RFC, he determined at step five that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."[14]  Thus, the ALJ concluded that Plaintiff had not been under a disability from October 20, 2014 through the date of his decision.

---

[11]*Lax*, 489 F.3d at 1084.

[12]*Id.*

[13]Doc. 10-1 at 40.

[14]*Id.* at 48.

4

**IV.     Discussion**

Plaintiff challenges the ALJ's RFC determination in three ways. First, Plaintiff contends that the ALJ erred in evaluating the medical opinion of her primary treating source, Dr. Delimont, an advanced practice registered nurse ("APRN"). Next, Plaintiff argues that the ALJ erred in posing an inadequate hypothetical to the VE based on an erroneous RFC. Finally, Plaintiff asserts that the ALJ erred in determining that Plaintiff's statements regarding her limitations were not credible.

    **1.     The ALJ Did Not Err in Evaluating the Medical Opinion Evidence.**

As to Plaintiff's first contention, she argues that the ALJ made an arbitrary decision in deciding that Delimont was not an acceptable medical source. She claims that the only reason the ALJ determined that Delimont was not an acceptable medical source was because Plaintiff filed her claim prior to March 27, 2017. Had Plaintiff filed her application after March 27, Delimont would have been considered an acceptable medical source.

Although Plaintiff is correct about how the timing of her claim impacts this issue, the ALJ's determination was not arbitrary. Instead, the federal regulations direct this finding. The definition of an acceptable medical source is found in 20 C.F.R. § 404.1502(a). On March 27, 2017, changes were made to this regulation and what constitutes an acceptable medical source. Pursuant to 20 C.F.R. § 404.1502(a)(7), a licensed advanced practice registered nurse is now considered an acceptable medical source. But the regulation explicitly states that it is only applicable "with respect to claims filed (see § 404.614) *on or after March 27, 2017*."[15] There is no dispute that Plaintiff filed her claim in 2015. Thus, the regulation allowing an APRN as an acceptable medical source is not applicable to her claim.

---

[15] 20 C.F.R. § 404.1502(a)(7) (emphasis added).

Delimont was also Plaintiff's treating source. Although a treating source's opinion generally must be afforded controlling weight if it is well-supported by the evidence and consistent with other substantial evidence in the record,[16] this premise is only true if the treating source is considered an acceptable medical source.

> [T]he distinction between "acceptable medical sources" and other healthcare providers who are not "acceptable medical sources" is necessary because (1) evidence from an "acceptable medical source" is necessary to establish the existence of a medically determinable impairment, (2) only "acceptable medical sources" can provide "medical opinions," and (3) only "acceptable medical sources" can be considered "treating sources'" whose medical opinion might be worthy of "controlling weight."[17]

Accordingly, the ALJ's determination that Delimont was not an acceptable medical source and could not render a definitive diagnosis is correct. Furthermore, even though Delimont was Plaintiff's treating source, because Delimont was not an acceptable medical source, Delimont's opinion could not be entitled to controlling weight.

Nevertheless, Plaintiff contends that even if Delimont is not an acceptable medical source, the ALJ was required to consider the evidence she provided because she is a medical source and that the ALJ erred in giving Delimont's opinion minimal weight. Plaintiff is correct that the ALJ should consider all the evidence. Under the version of the regulations applicable to Plaintiff's claim, the ALJ must consider all the medical opinions in the record and discuss the weight assigned to each opinion.[18] The ALJ is also responsible for resolving conflicts between

---

[16]*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

[17]*Linaweaver v. Astrue*, Case No. 10-2621-JWL, 2011 WL 6258814, at *5 (D. Kan. Dec. 15, 2011) (citations omitted); *see also Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007) ("Only 'acceptable medical sources' can provide evidence to establish the existence of a medically determinable impairment, only they can provide medical opinions, and only they can be considered treating sources.") (citations omitted).

[18]*Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (citation omitted); *see also* 20 C.F.R. §§ 404.1527, 416.927. Different guidelines for weighing evidence now apply for claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c; *see also McGregor v. Saul*, Case No. CIV-19-496-SM, 2019 WL 7116110, at *3 (W.D. Okla. Dec. 23, 2019) (noting that "[u]nder the revised regulations, the ALJ gives no specific evidentiary weight to any medical opinions.") (internal quotation marks and citations omitted); *Bills v. Comm'r, SSA*, 748 F.

differing evidence from medical sources.[19] Ultimately, the ALJ is responsible for determining an individual's RFC.[20] In addition, the ALJ should make sure his decision "allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."[21]

Here, the ALJ's decision demonstrates that he gave minimal weight to Delimont's opinion because she was not an acceptable medical source. As noted above, this finding is directed by the regulations and is correct. The ALJ noted Delimont's substantial treating relationship with Plaintiff as well as some of Delimont's notes regarding Plaintiff's physical and mental health. Thus, he took into account the length of time that Delimont treated Plaintiff as well as some of Delimont's physical and mental findings.

The ALJ, however, noted that Delimont's opinion was internally inconsistent. The ALJ found inconsistencies between Delimont's determination that Plaintiff had serious limitations with most mental work-related activities and Delimont's determination that Plaintiff only had a mild impairment with activities of daily living and moderate difficulty maintaining social functioning, concentration, persistence, or pace. Ultimately, the ALJ determined that Delimont's opinion was not reasonably supported by the medical evidence or supported by Delimont's own treatment notes. Specifically, the ALJ noted that Plaintiff's treatment plan was inconsistent with the limitations Delimont described. The ALJ also found that the objective medical evidence did not support Delimont's conclusion as to Plaintiff's physical and mental limitations, such as vocal tics,

---

App'x 835, 838 n.1 (Oct. 1, 2018) (noting the revised regulations applicable to claims filed on or after March 27, 2017) (citation omitted). Plaintiff's claim was filed in 2015 and thus the Court's review is guided by the previous regulations and case law.

[19]*See* 20 C.F.R. § 404.1527(d).

[20]*Id.* at § 404.1527(d)(2).

[21]*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (quoting SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006)).

panic attacks, and depression. Accordingly, the ALJ set forth his reasons and provided support, which this Court could follow, for giving minimal weight to Delimont's opinion.

    **2**.    **The ALJ Did Not Err in the Hypothetical Posed to the VE.**

Plaintiff next asserts that the ALJ erred in assessing Plaintiff's RFC and posing an inadequate hypothetical question to the VE about Plaintiff's RFC. Plaintiff, however, simply takes issue with the ALJ's formulation of the RFC.[22] The hypothetical given to the VE matched the ALJ's RFC. Thus, there was no error in posing the hypothetical to the VE.

    **3**.    **The ALJ Did Not Err in Assessing Plaintiff's Credibility and Formulating her RFC.**

Plaintiff also contends that the ALJ erred in finding that Plaintiff's statements regarding the limiting effects of her symptoms were not credible. "The regulations require that an ALJ's RFC be based on the entire case record, including the objective medical findings and the credibility of the claimant's subjective complaints."[23] "Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined."[24]

In this case, the ALJ found that Plaintiff's allegations were not fully consistent with or supported by the objective medical evidence. Specifically, Plaintiff had not presented with persistent, objectively-appreciable pain behavior, or psychiatric abnormalities. The ALJ noted that the majority of Plaintiff's physical and psychiatric testing yielded normal results and that Plaintiff's treatment regimen was routine and conservative in nature. In addition, the ALJ found

---

[22]Plaintiff takes issue with the RFC because she contends that the ALJ erred in weighing the medical opinion evidence and in finding that she was less than credible as to her limitations. Both of these contentions are addressed herein. Because the Court finds that the ALJ did not err in these determinations, the ALJ's RFC assessment is supported by substantial evidence.

[23]*Poppa v. Astrue*, 569 F.3d 1167, 1170–71 (10th Cir. 2009) (citations omitted).

[24]*Id.* at 1171.

that the medical evidence did not demonstrate exacerbations of frequent persistency that precluded Plaintiff from regularly working. Finally, the ALJ included his own observations of Plaintiff at the hearing. He noted that Plaintiff appeared able to sit through the 50-minute hearing without any discernible pain or signs of psychological distress. "Although an ALJ may not rely solely on his personal observations to discredit a claimant's allegations, he may consider his personal observations in his overall evaluation of the claimant's credibility."[25] In this case, the ALJ provided numerous reasons to support his RFC determination by finding that Plaintiff's allegations of pain were not fully consistent with or supported by the medical evidence.

## V. Conclusion

The ALJ's RFC determination is supported by substantial evidence. Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: January 29, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[25] *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).